UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH WELCH,

                Plaintiff,

     v.

US BANK NATIONAL
ASSOCIATION,

                Defendant.

CASE NO. C19-2083 MJP

ORDER ON MOTIONS TO
REMAND AND DISMISS

The above-entitled Court, having received and reviewed:

1.   Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. No. 7),

2.   Plaintiff's Motion to Remand (Dkt. No. 12)

3.   Defendant's Opposition to Motion to Remand to Skagit County Superior Court (Dkt. No. 14),

4.   Plaintiff's Reply to Defendant's Opposition to Motion to Remand to Skagit County Superior Court (Dkt. No. 15),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

1    IT IS ORDERED that the motion to remand is DENIED; Plaintiff's request for fees and

2    costs is also DENIED.

3    IT IS FURTHER ORDERED that the motion to dismiss is GRANTED; the matter is

4    dismissed with prejudice and without leave to amend.

5

6                                   **Background**

7    In February 2007, Plaintiff obtained a $667,500 loan on real property in Burlington,

8    Washington.  The note was secured by a Deed of Trust listing Plaintiff as borrower, GreenPoint

9    Mortgage Funding, Inc. as the lender, MERS as the nominee for the lender, and Land Title

10   Company as trustee.  Dkt. No. 8, Decl. of Varallo, Ex. A.  The Deed of Trust was recorded on

11   February 14, 2007, and thereafter was reassigned three times between 2007 and 2016.  A Notice

12   of Default was issued on September 8, 2016 (Id. at Ex. F) and a Notice of Trustee's Sale

13   (reflecting arrearages of $16,792.93 and unpaid principal of $763,285.92) was recorded on

14   October 18, 2016.  Id. at Ex. G.  The Trustee's Deed Upon Sale was entered in the Skagit County

15   records on March 1, 2017, reflecting that Defendant had purchased the property on February 17,

16   2017.

17   Plaintiff filed his Complaint for Quiet Title in Skagit County Superior Court on April 26,

18   2019.  Dkt. No. 1, Notice of Removal, Ex. 1.  While alleging that the foreclosure and sale of the

19   property were unlawful because Defendant did not have a valid security interest therein, nowhere

20   in the complaint does it allege that Plaintiff repaid the loan or was not in default.

21   On the same day he filed the complaint, Plaintiff issued summons to the Defendant U.S.

22   Bank National Association ("U.S. Bank"), mailing it (return receipt requested to "Office of the

23   President, U.S. Bank National Association, 425 Walnut Street, Cincinnati, OH 45202-3923."

24

1  Dkt. No. 12, Motion to Remand, Ex. B.  The return receipt was signed by "Thurlin Roberts" on

2  May 3, 2019.  Id. at 6.  Defendant filed its Notice of Removal on December 24, 2019, asserting

3  that it "had no notice of the pending State Court Action until a title search associated with an

4  unrelated action revealed a lis pendens concerning the Property."  Dkt. No. 1 at 8. (Defendant

5  does not indicate the date of the title search.)  In its Notice of Removal, Defendant claims that it

6  has been "unable to find any record that the Complaint and/or summons… was served."  Id.

7        The matter is now before the Court on Plaintiff's motion to remand and Defendant's

8  motion to dismiss.

9                                        **Discussion**

10  Motion to remand

11        The federal removal statute states

12        The notice of a removal of a civil action or proceeding shall be filed
        within 30 days after the receipt by the defendant, through service or
13        otherwise, of a copy of the initial pleading setting forth the claim for relief
        upon which such action or proceeding is based…"
14

15  28 U.S.C. § 1446(b)(1).

16        Plaintiff argues that service of his complaint occurred on May 3, 2019, and that the 30-

17  day removal limit of 28 U.S.C. § 1446(b)(1) must be calculated from that date.  Plaintiff asserts

18  that Defendant's removal, which occurred well after June 3, 2019, is untimely and thus the

19  matter must be remanded.

20        The time for removal commences at the point of formal service of process ("not by mere

21  receipt of the complaint unattended by any formal service;" Murphy Bros., Inc. v. Michetti Pipe

22  Stringing, Inc. 526 U.S. 344, 347-48 (1999)), and state rules of civil procedure determine

23  whether a defendant was formally served prior to removal.  Lee v. City of Beaumont, 12 F.3d

24  933, 936-37 (9th Cir. 1993).

ORDER ON MOTIONS TO REMAND AND DISMISS - 3

The procedure for service by mail in the State of Washington is set out as follows:

> **(4)  *Alternative to service by publication.***  In circumstances justifying
> service by publication, if the serving party files an affidavit stating facts
> from which the court determines that service by mail is just as likely to
> give actual notice as service by publication, the court may order that
> service be made by any person over 18 years of age, who is competent to
> be a witness, other than a party, by mailing copies of the summons and
> other process to the party to be served at the party's last known address or
> any other address determined by the court to be appropriate.

Wash. CR 4(d).

Plaintiff's attempt at service by mail is deficient in two respects.   First, he did not obtain a court order that such service could be made; second, it is apparent from his exhibits that he was the person who performed the mailing which the rule requires be made by "any person over 18 years of age…other than a party" (*see* Dkt. No. 12-2, Decl. of Welch, Ex. A at 6).  Thus, Defendant is correct that it was never formally served in a manner consistent with state procedural requirements which would initiate the 30-day removal period.

Plaintiff has failed to establish that Defendant's notice of removal was untimely.  The motion to remand will be DENIED.

Motion to dismiss

Defendant's motion to dismiss this matter came ripe on January 24, 2020, with no opposition to the request having been filed by Plaintiff.  The local rules of this district are clear on the effect of a non-response under these circumstances: "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Rules W.D. Wash. 7(b)(2).

In addition to the presumptive concession of merit, the Court finds the following substantive grounds for dismissal:

1. Securitization (one of Plaintiff's legal theories attacks the validity of the securitization following the reassignments of the loan) does not affect the loan terms between a borrower and lender, nor have any bearing on a borrower's obligation to pay the promissory note. <u>Velasco v. Discover Mortg. Co.</u>, 187 Wn.App. 1003 (Div. 2, Apr. 14, 2015).

2. Plaintiff is, at best, an unrelated third party to the securitization and transfers of the beneficial interest in the loan, and thus lacks standing to enforce those agreements. <u>Ogorsolka v. Residential Credit solutions, Inc.</u>, No. 2:14-CV-00078-RSM, 2014 WL 286-742. At *8-9 (W.D. Wash. June 23, 2014).

3. Whether an assignment is properly executed is irrelevant to a lender's right to enforce the deed of trust on the basis of a breach of the loan terms by the borrower. <u>Trujillo v. NW Trustee Services, Inc.</u>, 181 Wn.App 484, 496-502 (2014); *reversed in part*, 183 Wn.2d 820 (2015).

4. Plaintiff's allegation that the Deed of Trust and the Note securing his loan were somehow split from each other through the series of reassignments is without merit. <u>Canzoni v. Countrywide Bank</u>, No. 16-5239-RBL, 2016 WL 3251403, *7 (W.D. Wash. June 13, 2016)("[T]he 'split the note' theory… has been rejected by the Washington Supreme Court, as well as the Ninth Circuit, which concluded that such a theory 'has no sound basis in law or logic'").

5. Plaintiff's failure to obtain an order enjoining the trustee's sale of the property (or otherwise comply with the requirements of the Deed of Trust Act) results in a waiver of his claims. RCW 61.24.130; <u>Brown v. Household Realty Corp.</u>, 146 Wn.App. 157, 163 (2008), *review denied*, 165 Wn.2d 1023 (2009).

6.  Because Plaintiff has failed to state a valid claim that Defendant did not have a right to foreclose and sell the property, his derivative claim of the tort of outrage likewise fails.  Additionally, his allegations of threats to his financial wellbeing do not satisfy the requirements for "outrageous conduct" that would entitle him to relief.

7.  Plaintiff's failure to allege repayment of the loan invalidates his quiet title claim.  *See* Evans v. GAC Home Loans Servicing LP, No. C10-0656-RSM, 2010 WL 5138394, at *3 (W.D. Wash. 2010).

8.  The absence of an actual controversy defeats Plaintiff's claim for both declaratory and injunctive relief.  Garcia v. Brownwell, 326 F.2d 356, 357-58 (9th Cir. 1956).

Additionally, the Court finds that further amendment in this matter would be futile. Plaintiff's non-payment of the loan, combined with his inability to allege satisfaction of the requirements of the Washington Deed of Trust Act, deprive him of standing to advance any of his causes of action in this forum.   Based on his inability to plead any set of facts which would entitle him to relief, the dismissal will be with prejudice, without leave to further amend.


The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated May 4, 2020.

Marsha J. Pechman
United States Senior District Judge